IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JAMES B. RAMSEY, ) | |
| ) | |
| Petitioner, ) | Case No. CV 07-0153-S-EJL |
| ) | |
| v. ) | |
| ) | **MEMORANDUM ORDER** |
| RANDY BLADES, Warden, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

On July 23, 2008, the Court dismissed this habeas corpus case with prejudice. Currently pending is Petitioner's Motion to Alter or Amend Judgment. The Court finds that decisional process will not be aided by oral argument, and it shall resolve this matter on the written record after consideration of the parties' submissions. D. Idaho L. Civ. R. 7.4(d).

For the reasons that follow, the Court will deny Petitioner's Motion.

### STANDARD OF LAW

Reconsideration of a final judgment under Rule 59(e) of the Federal Rules of Civil Procedure is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). There are four limited grounds upon which a motion for reconsideration may be granted: (1) the motion is necessary to correct manifest errors of law or fact; (2) the moving party presents newly discovered or previously unavailable evidence; (3) the motion is necessary to prevent manifest injustice; or (4) there is an intervening change in the law. *Turner v. Burlington North. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003) (citation omitted). A losing party cannot rely on a Rule 59(e) motion merely to re-

**MEMORANDUM ORDER - 1**

litigate old matters or to offer new arguments that could have been raised before the entry of judgment. *School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

## DISCUSSION

Petitioner claims that he was deprived of his Sixth Amendment right to the effective assistance of counsel during his sentencing hearing in state court because his appointed deputy public defender suffered from an actual conflict of interest. In particular, Petitioner alleges that the Public Defender's office had previously represented a county jail inmate, Henry Howard, with whom Petitioner had been engaged in an altercation. This jailhouse altercation led to a separate charge in a different case that was eventually dismissed, but the prosecutor mentioned the incident at the sentencing hearing in this case as an example of Petitioner's apparent dangerousness.

This Court concluded that the state court's adjudication of the Sixth Amendment claim was not contrary to or an unreasonable application of clearly established federal law, nor was it based on an unreasonable determination of the facts. (Docket No. 17, p. 10.) Petitioner has now requested the Court to reconsider its Judgment and to hold an evidentiary hearing. In support, he relies on a recent case from the Ninth Circuit Court of Appeals, *Houston v. Schomig*, 533 F.3d 1076 (9th Cir. 2008).

In *Houston*, the defendant was charged with several criminal counts based on an incident in which he allegedly fired a gun into a van driven by a person named Terrance Chadwick. 533 U.S. at 1080-81. Before trial, Houston's attorney moved to withdraw, explaining that he felt conflicting loyalties because of his office's previous representation of Chadwick in a case that he asserted was "tied, factually, to the state's theory of retribution and the motive" in the present case. *Id*. at 1080,

**MEMORANDUM ORDER - 2**

1082. After that request was denied, Chadwick testified at trial that Houston fired shots into his van, and Houston's attorney did not impeach him with his prior conviction, failed polygraph examination, or parole status. On habeas review, the Ninth Circuit concluded that Houston had alleged facts that, if true, would prove a violation of the Sixth Amendment based on a conflict of interest, and it remanded the case to the District Court for an evidentiary hearing. *Id*. at 1083.

The present case differs in several material respects. First, unlike *Houston*, Petitioner has not alleged that his counsel or the Public Defender's office represented Henry Howard in a case that was factually related to the present case. What's more, the attorney in *Houston* expressed his subjective feelings of a conflict, noting that under cross-examination Chadwick could admit facts that would expose him to criminal liability or impact his parole status. Petitioner's counsel expressed no such concerns to the state court.

Most importantly, Houston alleged facts from which a reviewing court could conclude that trial counsel might have actually modified his representation in a way that adversely affected the defense. Chadwick's credibility was a central concern at trial, and Houston's counsel failed to use evidence that might have impeached him, including a prior conviction.

Here, in contrast, Petitioner has never alleged any facts that would establish that trial counsel's performance was affected adversely by a theoretical division of loyalty. There is no indication that if counsel had investigated the altercation between Howard and Petitioner with greater vigor, he could have developed a plausible rebuttal to the State's version of the fight or that he could have otherwise developed mitigating evidence. Petitioner's emphasis on Howard's criminal history as potential impeachment material misses the mark; he neither testified nor provided the critical statements that incriminated Petitioner. His credibility was not important. Instead, *other*

**MEMORANDUM ORDER - 3**

witnesses, as reflected in the police reports attached to the Presentence Investigation Report, described how Petitioner walked up to a defenseless Howard and punched him.

For these reasons, the Court is not persuaded that it should alter or amend its Judgment.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Petitioner's Motion to Alter or Amend Judgment (Docket No. 20) is DENIED.

DATED: **October 29, 2008**

~~Honora~~ble Edward J. Lodge
U. S. District Judge

**MEMORANDUM ORDER - 4**